1

2

3

4                        UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   KABITA CHOUDHURI,                          Case No. 22-cv-06993-JST

8                  Plaintiff,

9          v.                                  **ORDER RE: MOTIONS TO DISMISS,**
                                               **MOTION FOR ENTRY OF DEFAULT,**
10  SPECIALIZED LOAN SERVICING, et al.,        **MOTIONS FOR DEFAULT**
                                               **JUDGMENT**
11                 Defendants.
                                               Re: ECF No. 21, 23, 24, 31, 54
12

13          Before the Court are motions to dismiss filed by Defendant Specialized Loan Servicing,

14  ECF No. 21, and Defendant Zillow Group, Inc., ECF No. 31; motions for entry of default and

15  default judgment against Zillow, ECF Nos. 23 & 24; and a motion for entry of default judgment

16  against Defendant Bosco Credit LLC, ECF No. 54.  The Court will grant in part and deny in part

17  Specialized's motion to dismiss, grant Zillow's motion to dismiss, and deny all motions for entry

18  of default and default judgment.

19  **I.      BACKGROUND**

20          Pro se Plaintiff Kabita Choudhuri brings this action against Specialized, Zillow, and

21  Bosco, whom she claims engaged in a conspiracy to defraud her by illegally foreclosing on her

22  home.

23          Choudhuri filed this action on November 8, 2022.  ECF No. 1.  On December 15, 2022, the

24  Court granted Choudhuri's application to proceed *in forma pauperis* and dismissed her initial

25  complaint under 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be

26  granted.  ECF No. 16.  Although the Court noted that Choudhuri's allegations were "difficult to

27  discern," the Court construed the complaint liberally, evaluated whether Choudhuri stated a claim

28  under any of the causes of actions referenced in her complaint, and dismissed all claims.  *Id.*  The

United States District Court
Northern District of California

1  Court dismissed the complaint with leave to amend "solely to correct the deficiencies identified in

2  this order" and explained that "failure to do so, or failure to otherwise comply with this order,

3  w[ould] result in dismissal with prejudice." *Id.* at 9.

4      Choudhuri's first amended complaint is difficult to comprehend.  Choudhuri references

5  nearly two dozen causes of action, which she groups into four "counts."[1]  Mindful that Choudhuri

6  is pro se, the Court will again construe the first amended complaint to plead claims for each of the

7  statutes, regulations, and torts clearly invoked within these counts.  The Court thus interprets the

8  complaint to plead claims for violation of the federal Real Estate Settlement Procedures Act

9  ("RESPA") and implementing Regulation X, 12 C.F.R. §§ 1024.41; the California Homeowner

10  Bill of Rights ("HBOR"); the federal Truth in Lending Act ("TILA") and implementing

11  Regulation Z, 12 C.F.R. § 226; the Holder Rule, 16 C.F.R. § 433; the federal Racketeering

12  Influenced and Corrupt Organizations ("RICO") Act; California's False Advertising Law

13  ("FAL"); the federal False Claims Act; Section 17(a) of the federal Securities Act of 1933; the

14  federal Fair Debt Collection Practices Act ("FDCPA"); the California Rosenthal Fair Debt

15  Collection Practices Act; and California's Unfair Competition Law ("UCL"); as well as common

16  law claims for fraud, promissory estoppel, tortious interference, unjust enrichment, public

17  nuisance, and private nuisance.[2]  Choudhuri's first amended complaint pleads only RICO, tortious

18

19

20  [1] These counts are titled as follows: (1) "RESPA 12 U.S.C. § 2605(E)(1)(A); Cal. Civ. Code
   §[]2923.5[(a)(I); Promissory Estoppel, 40 Fed. Reg. at 53527; HBOR Civil Code §§ 2923, 2924;
21  TILA, Regulation Z"; (2) "RICO VIOLATIONS by all 3 Defendants – RICO 18 U.S.C.§ 1962(d);
   18 U.S.C.[] § 1964(c); CC 2294. 12(g); California Business and Professions Code § 17500 et
22  seq."; (3) "Fraud by both Defendants – HBOR Civil Code §§ 2923, 2924; TILA; Regulation Z;
   Regulation X 12 USC § 2605[(f)], 12 CFR § 1024.41(a), 12 CFR[] § 1024.41(g) wrongful
23  foreclosure by an entity that is not the true beneficiary under a deed of trust; notification
   procedures relating to review of loss mitigation[,] 12 CFR § 1024.4[]1[](b)(2)(B); 15 U.S.C. §
24  77q(a)[,] 'false record or statement,' [] USC § 3729(a)(2),(7)[,] 'document certifying receipt of
   property,' [] USC §[]3729(a)(5)[,] FD[CP]A & Rosenthal Act'"; and (4) "Claim for loss of Quiet
25  enjoyment."  ECF No. 17 at 4-13.

26  [2] Choudhuri additionally references "CC 2294. 12(g)," which she suggests, together with 18
   U.S.C. § 1964(c)—the RICO Act—"states that the rights, remedies, or procedures provided by
27  this section are in addition and independent of any other rights . . . under any other laws."  ECF
   No. 17 at 12.  The Court cannot discern which statute or regulation Choudhuri seeks to invoke by
28  reference to "CC 2294. 12(g)."

United States District Court
Northern District of California

interference, and unjust enrichment claims against Zillow,[3] and pleads each of the claims listed above against Specialized and Bosco. ECF No. 17. Specialized and Zillow now move to dismiss all claims against them. ECF Nos. 21, 31.

## II.   JURISDICTION

The Court has jurisdiction over Choudhuri's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

## III.   LEGAL STANDARD

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When ruling on a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pro se complaints must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). "Nevertheless,

---

[3] In opposition to Zillow's motion to dismiss, Choudhuri appears to allege a promissory estoppel claim against Zillow based on emails regarding Choudhuri's objections to the Zillow website. ECF No. 33 at 4. No such promissory estoppel claim is articulated in the first amended complaint, which does not reference these emails. Further, nothing in the emails attached to the complaint appears to constitute any type of promise. ECF No. 17 at 27.

United States District Court
Northern District of California

1   the 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in

2   which any amendment would be an exercise in futility.'"  *Novak v. United States*, 795 F.3d 1012,

3   1020 (9th Cir. 2015) (alteration in original) (quoting *Stechman v. Hart Brewing, Inc.*, 143 F.3d

4   1293 1298 (9th Cir. 1998)).

5   **IV.    DISCUSSION**

6         **A.    Request for Judicial Notice**

7         Specialized requests that the Court judicially notice fifteen documents: nine court orders

8   issued in prior state and federal actions filed by Choudhuri involving Defendants and past

9   mortgage loan servicers and trustees, ECF Nos. 22-2, 22-3, 22-4, 22-5, 22-6, 22-7, 22-8, 22-9, 22-

10  12; the docket report of one such state action, ECF No. 22-1; three complaints filed in two such

11  federal actions, ECF Nos. 22-10, 22-11, 22-15; an attorney declaration filed in one such federal

12  action, ECF No. 22-13; and a deed of trust recorded in the Marin County Recorder's Office, ECF

13  No. 22-14.  ECF No. 22.  Choudhuri opposes the request for judicial notice, arguing that each

14  document is "unverified and unauthenticated."  ECF No. 30 at 1-2.

15        Courts may judicially notice facts that are "not subject to reasonable dispute," meaning

16  they are "generally known" or "can be accurately and readily determined from sources whose

17  accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

18        The court orders, docket sheet, and complaints are proper subjects of judicial notice.

19  Courts "may take judicial notice of court filings and other matters of public record."  *Reyn's Pasta*

20  *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2010).  "[W]hen a court takes

21  judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein,

22  but for the existence of the opinion, which is not subject to reasonable dispute over its

23  authenticity.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  Accordingly, the

24  Court will take judicial notice of the court orders, docket sheet, and past complaints for the facts

25  that such actions and documents were filed and that certain issues were raised and addressed in

26  these actions.  The Court will not take judicial notice of the truth of any facts recited in any of

27  these court opinions or complaints.

28        The Court declines to take judicial notice of the attorney declaration filed in support of a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    motion for summary judgment in a prior federal action.  Specialized cites this document as

2    evidence that SLS rejected a loan modification application Choudhuri submitted in 2020.  Such a

3    fact is not a proper subject of judicial notice; the Court may not judicially notice a court filing for

4    the truth of the facts asserted therein.

5         The deed recorded in Marin County is a public record properly subject to judicial notice.

6    *Amedee v. Citimortgage, Inc.*, No. 15-cv-03356-HSG, 2016 WL 1070657, at *1 (N.D. Cal. Mar.

7    18, 2016) ("Publicly-recorded real estate instruments, including deeds of trust, assignments, and

8    substitutions of trustee, as well as default and foreclosure notices, are the proper subject of judicial

9    notice, unless subject to reasonable dispute.").  Choudhuri argues the deed is "unauthenticated and

10   unverified" and "fraudulent," insisting that the deed—if ever recorded—was not recorded in

11   December 2022 and instead "was fraudulently backdated by over a month and a half by

12   [Specialized]."  ECF No. 29 at 1.  The date on which this deed was recorded in Marin County is

13   not subject to reasonable dispute; it can be accurately determined by reviewing the public records

14   of Marin County, which indicate that the deed was recorded on December 20, 2022.  *See* County

15   of Marin, Recorder's Official Records Detail, Document Number 2022-0040599,

16   https://perma.cc/SF5D-GBP7.  The Court will take judicial notice of the deed of trustee's sale, but

17   not any disputed facts within it (regarding, for example, the trustee's compliance with statutory

18   notice requirements).

19       **B.      Res Judicata**

20       "'Res judicata'—otherwise known as claim preclusion—'is applicable whenever there is

21   (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."

22   *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019)

23   (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077

24   (9th Cir. 2003)).  "Res judicata bars relitigation of all grounds of recovery that were asserted, or

25   could have been asserted, in a previous action between the parties, where the previous action was

26   resolved on the merits."  *Tahoe-Sierra*, 322 F.3d at 1077 (quoting *United States ex rel. Barajas v.*

27   *Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).

28       Specialized argues that the majority of Choudhuri's claims were raised and adjudicated in

5

United States District Court
Northern District of California

1    a prior federal suit against Specialized and Bosco before Judge James Donato in this district,

2    *Choudhuri v. Specialized Loan Servicing, et al.*, No. 3:19-cv-04198-JD, and are therefore barred

3    by claim preclusion.

4        Choudhuri's 2019 action featured similar allegations of misconduct against Specialized

5    and Bosco.  ECF Nos. 22-10, 22-11.  Following several rounds of motions to dismiss, Judge

6    Donato dismissed Choudhuri's claims for violation of the FDCPA, 12 C.F.R. § 1024.41(g), Cal.

7    Civ. Code § 2923.6, and Cal. Civ. Code § 2924.11 with prejudice.  ECF No. 22-8.  After granting

8    Choudhuri another opportunity to amend her claims for fraud, breach of the covenant of quiet

9    enjoyment, and violation of RICO, Judge Donato also dismissed those claims with prejudice.  ECF

10   No. 22-9 at 2-3.  Judge Donato permitted Choudhuri's RESPA claim under 12 U.S.C.

11   § 2605(e)(1)(A) for failure to respond to qualified written requests to proceed, then granted

12   summary judgment to Specialized and Bosco on that claim.  ECF No. 22-12.

13       Choudhuri argues that the claims raised in the 2019 action "have never been actually

14   adjudicated since by some means bank attorneys have managed to get them dismissed without

15   trial."  ECF No. 29 at 2.  Choudhuri is mistaken that claims must proceed to trial in order for res

16   judicata to apply.   "For purposes of *res judicata*, judgment entered on a motion to dismiss or for

17   summary judgment is just as binding as a judgment entered after a trial of the facts."  *Harris v.*

18   *Atchley*, No. 22-cv-00529-EMC, 2022 WL 602517, at *4 (N.D. Cal. Mar. 1, 2022).  The dismissal

19   with prejudice of a cause of action constitutes a judgment on the merits for claim preclusion

20   purposes.  *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Stewart*

21   *v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is

22   often used interchangeably with 'dismissal with prejudice.'").  The 2019 action thus resulted in a

23   final judgment on the merits as to all claims listed above.

24       Because the 2019 action resulted in a final judgment on the merits and involved both

25   Choudhuri and Specialized, the Court must determine whether identity of claims exists, such that

26   Choudhuri is precluded from litigating certain of the claims raised in the present case.  The Ninth

27   Circuit has identified four factors for courts to consider in determining an identity of claims:

28   / / /

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917-18 (9th Cir. 2012) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The transactional nucleus of facts inquiry is the "most important" part of the analysis and considers whether two suits are "related to the same set of facts and whether they could conveniently be tried together." *Id.* at 918. "Reliance on the transactional nucleus element is especially appropriate because the element is outcome determinative." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010). "In most cases, 'the inquiry into the "same transactional nucleus of facts" is essentially the same as whether the claim could have been brought in the first action.'" *Turtle Island*, 673 F.3d at 918 (quoting *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)).

The operative complaint in the present action is too insufficiently detailed to permit the Court to determine whether Choudhuri's present claims are based on the same transactional nucleus of facts as those raised in her 2019 action. Choudhuri appears to allege ongoing fraudulent conduct by Defendants relating to the same mortgage loans, but because much of that conduct is alleged to have occurred in the past several years—that is, after the conclusion of the 2019 action—the Court cannot conclude there is sufficient identity of claims to preclude litigation of the present claims.

### C.     Failure to State a Claim

Choudhuri's first amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

#### 1.     Holder Rule, 15 U.S.C. § 77q, and False Claims Act

In its prior order, the Court noted that several of the causes of action listed in Choudhuri's initial complaint could not provide her relief. As the Court previously noted, there is no private right of action to enforce either the Holder Rule or Section 17(a) of the Securities Act, 15 U.S.C. § 77q. ECF No. 16 at 4, 7. Further, as the Court previously explained, Choudhuri cannot state a

1    claim for violation of any provision of the False Claims Act, 31 U.S.C. § 3729, because that

2    statute only relates to claims involving the United States government.  ECF No. 16 at 7.  Because

3    any amendment of Choudhuri's claims under the Holder Rule, 15 U.S.C. § 77q , or 31 U.S.C.

4    § 3729 would be futile, these claims are dismissed with prejudice.  *See Novak*, 795 F.3d at 1020.

5                      **2.       Promissory Estoppel**

6             Choudhuri does not plead a cognizable claim for promissory estoppel under California law,

7    which requires "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to

8    whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the

9    party asserting the estoppel must be injured by his reliance."  *Sateriale v. R.J. Reynolds Tobacco*

10   *Co.*, 697 F.3d 777, 792 (9th Cir. 2012).  The Court previously dismissed this claim for failure to

11   plead the existence of a promise enforceable by Choudhuri.  ECF No. 16 at 3-4.  Choudhuri's first

12   amended complaint alleges that, by providing her with loan modification application forms,

13   Specialized "implicit[ly] promise[d] that [she] would be treated with care and fairness" and that it

14   would "review the loan," but that, while she received acknowledgements of receipt of her

15   application, she "did not even receive a decision from the banks," which instead "deliberately held

16   the application[s] in abeyance while they proceeded to damage [her] with their malicious and

17   deliberate acts of fraudulent foreclosure."  ECF No. 17 at 5, 7.[4]

18            Choudhuri does not plausibly allege the existence of a "clear and unambiguous" promise

19   sufficient to support a promissory estoppel claim.  Assuming, for the sake of argument, that the

20   mere provision of a loan modification application could constitute such a promise, nothing in the

21   complaint suggests that Choudhuri took or refrained from taking any action in reliance on that

22   promise, and Choudhuri has not alleged that she was injured as a result of her reliance on that

23

24   _____

[4] Specialized argues that "it is axiomatic that the mere act of providing a borrower a loan
25   modification application cannot serve as the basis of a claim for promissory estoppel," relying on
     *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 929 (2022).  In *Sheen*, the California Supreme
26   Court held that lenders do not owe borrowers a duty of care with regard to loan modification
     applications.  In determining that no tort duty existed, the court relied in part on the continued
27   availability of other causes of action that could offer recourse to borrowers harmed by the
     mishandling of such applications, including promissory estoppel.  *Sheen* thus does not stand for
28   the proposition that the act of providing a borrower a loan modification application cannot serve as
     the basis of a promissory estoppel claim.

United States District Court
Northern District of California

1    promise.  The Court therefore must again dismiss Choudhuri's promissory estoppel claims.

2          Because the Court previously dismissed these claims with specific instructions regarding

3    the necessary elements of promissory estoppel, and the pleading of additional facts concerning the

4    promise alleged in the first amended complaint would not cure the deficiency of the claims,

5    Choudhuri's promissory estoppel claims are now dismissed with prejudice.

6                    **3.    UCL**

7          Choudhuri's UCL claims based on false or misleading statements must once again be

8    dismissed for failure to state a claim.  The Court previously dismissed the UCL claims, explaining

9    that such claims require plaintiffs to identify the misrepresentations at issue with particularity and

10   explain how such misrepresentations caused her injury.  ECF No. 16 at 7.  In her amended

11   complaint, Choudhuri again does not identify any particular false or misleading statements or

12   explain how she was harmed by them.  Having previously dismissed these claims on the same

13   basis, the Court now dismisses Choudhuri's UCL claims premised on false or misleading

14   statements with prejudice.

15         Read liberally, Choudhuri's amended complaint also seems to plead UCL claims premised

16   on unlawful conduct.  ECF No. 17 at 12-13.  The Court's prior order granted leave to amend

17   solely to cure the deficiencies identified in that order; it did not authorize the addition of new

18   claims.  "Where leave to amend is given to cure deficiencies in certain specified claims, courts

19   have agreed that new claims alleged for the first time in the amended pleading should be dismissed

20   or stricken."  *Temple of 1001 Buddhas v. City of Fremont*, No. 21-cv-4661-CRB, 2022 WL

21   1570480, at *5 (N.D. Cal. May 18, 2022) (quoting *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-cv-

22   1390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010)).  To the extent the amended

23   complaint pleads new UCL claims premised on unlawful conduct against any Defendants, these

24   claims are dismissed with prejudice.

25                   **4.    FDCPA and Rosenthal Act**

26         Choudhuri's amended complaint does not address the deficiencies in her prior claims

27   brought under the FDCPA and the Rosenthal Act.  The Court previously dismissed these claims

28   because it was unable to determine whether and on what grounds Choudhuri alleged these statutes

United States District Court
Northern District of California

9

had been violated; they were included in a long list of statutes and regulations in the subtitle of Count Three, but not discussed elsewhere in the complaint.  ECF No. 16 at 7-8.  Choudhuri's first amended complaint again lists the FDCPA and the Rosenthal Act among the statutes and regulations in the subtitle of Count Three, does not otherwise reference the two statutes, and alleges no facts to permit the Court to infer that Defendants have violated either statute.

Choudhuri's first amended complaint does not cure the deficiencies the Court identified in its prior order dismissing these claims.  To the extent Choudhuri's first amended complaint attempts to state claims under the FDCPA and the Rosenthal Act against any Defendants, such claims are now dismissed with prejudice.

### 5.    TILA and Regulation Z

Choudhuri also fails to state a claim for violation of TILA and Regulation Z.  "TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs."  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009).  The Court previously dismissed Choudhuri's TILA claim, explaining that the prior complaint failed to provide any details about alleged overcharges, how they were disguised, or how such conduct would violate TILA.  ECF No. 16 at 6.  The amended complaint again alleges that Defendants "disguise[ed] alleged overcharges as legitimate expenses thereby violating the [f]ederal Truth in Lending Act," but provides no details about any alleged overcharges, how they were disguised, or how such conduct would violate TILA or Regulation Z.  Nothing in Choudhuri's complaint permits the Court to infer that key terms of her home loan were not disclosed to her.  Rather, the gravamen of Choudhuri's complaint is that Defendants, through fraudulent charges and interest rates, artificially inflated the value of her debts, then illegally foreclosed (or attempted to foreclose) on the property.

Choudhuri's first amended complaint does not cure the deficiencies the Court identified in its prior order dismissing her TILA and Regulation Z claims, which the Court will now dismiss with prejudice.

### 6.    Tortious Interference, Unjust Enrichment, and FAL

Choudhuri's claims for tortious interference, unjust enrichment, and violation of the FAL

must again be dismissed.  The Court previously dismissed these claims for failure to plead any facts to support them.  ECF No. 16 at 6.  Choudhuri's amended complaint again "accuses SLS and Bosco, as well as Zillow with tortious interference and unjust enrichment" and alleges that Defendants "violated [the FAL], which covers deceptive and unfair trade practices."  ECF No. 17 at 8.

Despite the Court's prior instructions, Choudhuri's first amended complaint pleads no additional facts supporting any of these causes of action.  Accordingly, Choudhuri's claims for tortious interference, unjust enrichment, and violation of the FAL against all Defendants are now dismissed with prejudice.

### 7.   Nuisance

Choudhuri again pleads nuisance claims.  The Court previously dismissed Choudhuri's nuisance claims, explaining that the initial complaint "d[id] not identify any basis for [the] claims, and the Court c[ould not] identify any alleged conduct by Defendants that meets the statutory definition of a nuisance."  ECF No. 16 at 8.

In California, a nuisance is "anything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property."  Cal. Civ. Code § 3479.  "To qualify as a nuisance 'the inference must be both substantial and unreasonable.'"  *Redevelopment Agency of City of Stockton v. BNSF Ry. Co.*, 643 F.3d 668, 672-73 (9th Cir. 2011).  Nuisance liability depends on "whether the defendant created or assisted in the creation of the nuisance"; "[u]nder California law, conduct cannot be said to 'create' a nuisance unless it [] actively or knowingly generates or permits the specific nuisance condition."  *Id.* at 673-74.

Choudhuri now alleges that Specialized and Bosco have repeatedly mailed notices of postponement of sale to multiple addresses on her street, resulting in one of her neighbors leaving "multiple offensive voicemail" messages for her "and on one occasion actually aggressively stumbling drunkenly toward" her to give her such notices, causing her "pain and suffering."  ECF No. 17 at 13-14.  The Court cannot reasonably infer that Specialized or Bosco actively or knowingly generated or permitted her neighbor's offensive conduct by mailing notices, such that

1  nuisance liability can attach for such conduct.

2      Because Choudhuri's nuisance claims could not be cured by the pleading of additional

3  facts, these claims are dismissed with prejudice.

4          **8.     Fraud**

5      Read liberally, Choudhuri's first amended complaint attempts to plead a fraud claim

6  against Specialized and Bosco.  The title of Count Three reads "Fraud by both Defendants," and

7  the text that follows alleges that, "[b]y continuing its predecessors' fraudulent practices of

8  applying illegal fees and unfair interest rates, [Specialized] is itself liable for fraud in assignee

9  liability under the Consumer Fraud Act,"[5] and that, "[b]y ignoring [her] QWRs and proceeding in

10  foreclosure actions, Defendants [Specialized] and Bosco have perpetrated fraud."  ECF No. 17 at

11  12-13.  In Count Two, Choudhuri states that her RICO claim is alleged "[s]eparately from the

12  fraud claim in [C]ount [One]."  *Id.* at 7.  The Court cannot discern a fraud claim in Count One, but

13  construes Count Three to allege common-law fraud by Specialized and Bosco.

14      "Under California law, 'the indispensable elements of a fraud claim include a false

15  representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"

16  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*,

17  96 F.3d 1240, 1245 (9th Cir. 1996), *superseded by statute on other grounds*).  Pursuant to Federal

18  Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the

19  circumstances constituting fraud."  Thus, "[a]verments of fraud must be accompanied by 'the who,

20  what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106 (quoting

21  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

22      Choudhuri's first amended complaint both fails to state a claim for fraud and fails to meet

23  the pleading requirements of Rule 9(b).  Choudhuri alleges that SLS committed fraud by applying

24  illegal fees and unfair interest rates to her home loan.  ECF No. 17 at 12-13; *see also id.* at 9

25  (alleging that Defendants imposed "improper inspection fees and late charges").  But Choudhuri

26

27  _____

28  [5]  The complaint does not otherwise reference the "Consumer Fraud Act," and the Court cannot discern which statute Choudhuri means to identify using this title.  No federal or California law is so named.

United States District Court
Northern District of California

1    does not allege any facts which permit this Court to infer that any fees charged were illegal, and it

2    is not clear how charging "unfair" interest rates, absent some representation that such rates would

3    not be charged, would constitute fraud.  While ignoring qualified written requests from borrowers

4    may violate other laws, it is not clear how such conduct amounts to fraud.  And none of these

5    allegations are pleaded with the specificity required by Rule 9(b), which requires Choudhuri to

6    state "the who, what, when, where, and how" of the alleged fraud.  *Vess*, 317 F.3d at 1106.

7        Because Choudhuri's fraud claims against Specialized and Bosco could be cured by the

8    pleading of additional facts, the Court will dismiss these claims with leave to amend.

9            **9.    RICO**

10       The Court previously dismissed Choudhuri's RICO claims against all Defendants.  To state

11   a civil RICO claim under Section 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise

12   (3) through a pattern (4) of racketeering activity."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 547

13   (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

14       Choudhuri's initial complaint merely alleged that "SLS and Bosco were associated with

15   the enterprise and agreed and conspired to violate [RICO] [b]y agreeing that the alleged equity

16   line holder[] Bosco would foreclose on the property . . . to maximize their profit by selling the

17   property at the lower alleged default amount so that they can pocket the profit at resale," that

18   "Zillow[,] in turn, colluded with the other two defendants by agreeing to host misinformation

19   about the plaintiff's property to deter potential buyers," and that "each of the Defendants has

20   committed thousands of acts of racketeering activity . . . [causing] Plaintiff and other victims

21   [injury to] property . . . by having alleged debts inflated by unlawful and unreasonable inspection

22   and late fees."   ECF No. 1 at 5-6.  In its order dismissing these claims, the Court explained that it

23   was not clear how the alleged pattern of racketeering activity related to any alleged enterprise and

24   that Choudhuri did not plead sufficient facts to support any of the elements of a RICO claim.  ECF

25   No. 16 at 6.

26       Choudhuri now alleges that Specialized, the mortgage holder, and Bosco, the equity line

27   holder, engaged in a scheme to foreclose on her property, sell it at an artificially low price, then

28   somehow re-sell it and share the profits.  Choudhuri alleges that Zillow aided in this scheme by

United States District Court
Northern District of California

13

1   showing Choudhuri's property on its website as listed at auction, thus dissuading prospective

2   buyers at a time when Choudhuri was also attempting to sell the property herself.  Notably,

3   Choudhuri alleges no other conduct by Zillow.  Choudhuri alleges that only Specialized and Bosco

4   engaged in a pattern of racketeering activity by "using the postal system and email/fax to send

5   [her] inaccurate mortgage statements, correspondence, [and] notices of unauthor[i]zed inspection

6   reports," which harmed Choudhuri because her "alleged debts [were] inflated by unlawful interest

7   rates and unreasonable late or inspection fees."  ECF No. 17 at 10.

8           Choudhuri's RICO claim fails to comply with Rule 9(b).  "Rule 9(b)'s requirement that

9   '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be

10   stated with particularity' applies to civil RICO fraud claims."  *Edwards v. Marin Park*, 356 F.3d

11   1058, 1065-66 (9th Cir. 2004) (quoting Fed. R. Civ. P. 9(b)).  Because Choudhuri pleads predicate

12   acts of wire and mail fraud, she must identify "the who, what, when, where, and how" of each of

13   the alleged acts of fraud.  *Vess*, 317 F.3d at 1106.  Choudhuri does not identify any of the specific

14   mailings she received, when she received them, or how they violated the relevant wire and mail

15   fraud statutes.

16           Choudhuri also fails to sufficiently plead the existence of an enterprise.  An associated-in-

17   fact enterprise exists where multiple individuals or entities are "associated together for a common

18   purpose of engaging in a course of conduct," which requires "both 'evidence of an ongoing

19   organization, formal or informal' and 'evidence that the various associates function as a

20   continuing unit.'"  *Odom*, 486 F.3d at 552.  "An ongoing organization is 'a vehicle for the

21   commission of two or more predicate crimes.'"  *Id.* (quoting *United States v. Cagnina*, 697 F.2d

22   915, 921.  Choudhuri alleges that Defendants associated together for the common purpose of

23   retaining profits from the sale of the property at issue.  However, nothing in the complaint

24   suggests an ongoing organization among Defendants: there is seemingly no connection between

25   the predicate crimes—the mailing of allegedly inaccurate mortgage statements and notices by

26   Specialized, Bosco, and various "vendors"—and the alleged association among Defendants.

27           The connection between Zillow's alleged role in the scheme and the predicate crimes is

28   especially tenuous.  Choudhuri does not allege that Zillow is a part of the ongoing organization,

since she does not allege that Zillow was in any way involved in the commission of the alleged predicate crimes. Choudhuri also does not allege that Zillow participated in the operation or management of the enterprise. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). Choudhuri merely alleges that Zillow hosted "misinformation" on its website that listed her property for sale at auction. Further, because Choudhuri elsewhere alleges that foreclosure proceedings had already been initiated on her property and that she had received multiple notices of postponement of sale, her allegation that the property being listed for sale at auction amounts to "misinformation" is implausible.

Nothing in the first amended complaint supports a substantive RICO claim against Zillow, so the Court will dismiss this claim with prejudice. Because Choudhuri fails to plead a substantive violation of RICO, her conspiracy claim against Zillow is similarly dismissed with prejudice. *Howard*, 208 F.3d at 751. Choudhuri's substantive RICO and conspiracy claims against Specialized and Bosco are dismissed with leave to amend.

### 10. HBOR

The Court previously dismissed Choudhuri's HBOR claims for failure to plead sufficient facts to plausibly allege a violation of any provision of the HBOR. ECF No. 16 at 4-5, 8-9.

Choudhuri's first amended complaint alleges that Specialized and Bosco violated the HBOR's dual tracking prohibition. Section 2923.6(c) provides that, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). No foreclosure sale may occur until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired." *Id.*

Choudhuri alleges that she submitted a complete loan modification application to Specialized by mail on September 22, 2022, and submitted the additional documents requested by Bosco in support of her application on October 28, 2022. ECF No. 17 at 4. Choudhuri alleges

15

that the last notice of postponement she received listed November 10, 2022, as the "postponement date," which the Court assumes refers to the rescheduled date of the trustee's sale. *Id.* at 3. Choudhuri alleges that she never received a written decision on her applications. The trustee's deed of sale was recorded on December 20, while the applications remained pending. Choudhuri thus alleges that Defendants violated Section 2923.6(c) by conducting a trustee's sale before issuing a written decision on her loan modification applications, which were submitted at least five days before the scheduled sale. *Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 454 (2022) (borrower sufficiently stated claim under Section 2923.6 where she alleged that she submitted a completed loan modification application more than five days before scheduled sale and did not receive a written denial in advance of the trustee's sale). However, Choudhuri does not allege that Specialized or Bosco are mortgage servicers within the meaning of the statute, such that she can state claims against Specialized and Bosco under Section 2923.6(c). Choudhuri's Section 2923.6(c) claims against Specialized and Bosco are dismissed with leave to amend.

Choudhuri also alleges that Defendants failed to mail her a copy of any notice of default. The HBOR requires the mortgagee, trustee, or authorized agent to provide the mortgagor or trustor a copy of the recorded notice of default, a copy of the recorded notice of sale, and an attached separate summary document of each. Cal. Civ. Code § 2923.3. Section 2924b requires that, within ten business days after any notice of default is recorded, the mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale must mail a copy of the notice of default by registered or certified mail to the trustor or mortgagor. Cal. Civ. Code § 2924b(b)(1). Because Choudhuri alleges that she has never received a copy of the recorded notice of default, Choudhuri sufficiently pleads claims for violation of Cal Civ. Code §§ 2923.3 and 2924b.

### 11.    RESPA and Regulation X

Choudhuri's first amended complaint alleges that Specialized and Bosco violated RESPA and Regulation X.

Under RESPA, upon receipt of a "qualified written request" from a borrower, a servicer of a federally related mortgage loan is required to acknowledge "receipt of the correspondence within

5 days" or "take the action requested."  12 U.S.C. § 2605(e)(1)(A).  A qualified written request (1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for believing the account is in error or provides other sufficient detail regarding the information sought by the borrower, and (3) seeks information relating to the servicing of the loan.  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012).

Choudhuri alleges that she sent qualified written requests to "Bosco Credit, c/o Franklin Credit Management" on October 13, 2022, and to "Speciali[z]ed Loan Servicing, LLC" on October 24, 2022.  ECF No. 17 at 23-25.  At least some of the information requested in these letters appears to relate to the servicing of the loans.  *Id.* at 23, 25 (seeking information about "payments applied to date").  Choudhuri alleges that these qualified written requests were never answered.  ECF No. 17 at 4.  However, Choudhuri does not allege that Specialized and Bosco are both servicers within the meaning of RESPA, and the requests suggest they may not be.  ECF No. 17 at 23 (letter to "Bosco Credit c/o Franklin Credit Management" stating that it, "as the alleged owner (or services? [sic]) of the alleged lender [is] obligated to respond in full to this QWR"); *id.* at 25 (letter to Specialized stating that it, "as the alleged agent of the alleged lender [is] obligated to respond").  Because this provision only applies to "servicer[s] of [] federally related mortgage loan[s]," 12 U.S.C. § 2605(e)(1)(A), and Choudhuri does not allege that Bosco and Specialized are such servicers, Choudhuri's claims under Section 2605(e)(1)(A) are dismissed with leave to amend.

Choudhuri additionally alleges claims for violation of multiple provisions of Regulation X.  Choudhuri alleges that "Bosco and SLS have violated . . . Regulation X . . . 12 C[.]F[.]R[.] §[§] 1024.41(a) & (g) wrongful foreclosure by an entity that is not the true beneficiary under a deed of trust."  ECF No. 17 at 6.  Section 1024.41(a) explains that the regulation's loss mitigation procedures are enforceable under the private right of action provided in RESPA, while Section 1024.41(g) prohibits a mortgage servicer from conducting a foreclosure sale if a borrower submits a complete loss mitigation application after the servicer has noticed the foreclosure process but more than 37 days before a foreclosure sale.  Elsewhere, Choudhuri invokes 12 C.F.R. § 1024.41(b)(2)(B), which requires loan servicers who receive a loss mitigation application 45 days

1  or more before a foreclosure sale to notify the borrower within five days acknowledging receipt of

2  the application and informing the borrower whether or not the application is complete.

3         Choudhuri does not explain the basis on which she alleges that Bosco and Specialized

4  violated these provisions of Regulation X.  Choudhuri cannot allege a violation of 12 C.F.R. §

5  1024.41(b)(2)(B), since she expressly alleges that she received "acknowledgments of receipt"

6  from SLS and Bosco, including a request for missing documents, and nothing in the complaint

7  suggests that these notices failed to comply with the regulatory requirements.  ECF No. 17 at 5.

8  Construing her complaint liberally, Choudhuri's Section 1024.41(g) claims seem to refer to the

9  same dual tracking allegations discussed above.  Choudhuri alleges that she submitted a loan

10  modification application to Specialized on September 22, 2022, for which she received an

11  acknowledgement of receipt; submitted additional documents requested by Bosco in relation to

12  her loan modification application on October 28, 2022; and that "the most recent" notice of

13  postponement of sale listed November 10, 2022, as the postponed date.  These allegations fail to

14  state a claim for violation of Section 1024.41(g): Choudhuri does not allege that Bosco and

15  Specialized are loan servicers within the meaning of Regulation X; does not allege the scheduled

16  date of the foreclosure sale at the time she submitted her loan modification applications; and does

17  not allege when any foreclosure sale was conducted.

18         Choudhuri's claims for violation of 12 U.S.C. § 2605(e)(1)(A) and 12 C.F.R. § 1024.41(g)

19  are dismissed with leave to amend.  All of Choudhuri's remaining claims under RESPA and

20  Regulation X are dismissed with prejudice.

21         **D.**      **Motions for Entry of Default and Default Judgment**

22         Choudhuri moves for entry of default against Zillow.  ECF No. 23.  On November 8, 2022,

23  Choudhuri requested that Zillow waive service of the initial complaint; Zillow agreed, which

24  established a deadline for response of January 7, 2023.  ECF No. 18.  On December 15, 2022, this

25  Court dismissed Choudhuri's initial complaint.  ECF No. 16.  On January 17, 2023, Choudhuri

26  filed her first amended complaint.  ECF No. 17.  The proof of service filed with the first amended

27  complaint indicates it was served on Zillow using the Court's CM/ECF system.  *Id.* at 18.

28  Because the Court's dismissal of the initial complaint eliminated Zillow's deadline to respond to

United States District Court
Northern District of California

1    it, Zillow had not yet appeared in this case, such that the first amended complaint could not be

2    served via CM/ECF.  Absent proof of sufficient service of the first amended complaint, the Court

3    declines to enter default against Zillow.  *See IBEW Local 595 Health & Welfare Tr. Fund v.*

4    *Givens Elec., Inc.*, No. X, 2011 WL 2414346, at *2 (N.D. Cal. June 5, 2011) ("[A]llowing entry of

5    default on an amended complaint that was never served would contravene the objectives embodied

6    by [Federal Rules of Civil Procedure] 4 and 5(a)(2) that a defendant receive notice.").

7         Choudhuri also moves for entry of default judgment against Zillow.  ECF No. 24.  Because

8    default has not been entered against Zillow, Choudhuri's motion for default judgment against

9    Zillow is denied without prejudice.

10        Finally, Choudhuri moves for entry of default judgment against Bosco.  ECF No. 54.  The

11   Clerk has declined to enter default as to Bosco.  ECF Nos. 46, 49, 53.  Because default has not

12   been entered against Bosco, Choudhuri's motion for default judgment against Bosco is denied

13   without prejudice.

14                                      **CONCLUSION**

15        Defendants' motions to dismiss are granted in part and denied in part.  Choudhuri

16   sufficiently pleads claims for violation of Cal. Civ. Code §§ 2923.3 and 2924b against Specialized

17   and Bosco.  Choudhuri's claims against Specialized and Bosco for fraud; violation of the RICO

18   Act; violation of the HBOR, Cal. Civ. Code. § 2923.6; violation of RESPA, 12 U.S.C. §

19   2605(e)(1)(A); and violation of Regulation X, 12 C.F.R. § 1024.41(g), are dismissed with leave to

20   amend.

21        Choudhuri's claims against all Defendants for promissory estoppel; tortious interference;

22   unjust enrichment; nuisance; violations of the Holder Rule; 15 U.S.C. § 77q; 31 U.S.C. § 3729;

23   the UCL; the FDCPA; the Rosenthal Act; the TILA and Regulation Z; and the FAL are dismissed

24   with prejudice.  Choudhuri's RICO claims against Zillow, as well as all other claims brought

25   under the HBOR, RESPA, or Regulation X, are also dismissed with prejudice.

26        Choudhuri may file a second amended complaint within 28 days of this order.  Choudhuri

27   is only permitted leave to amend her claims against Specialized and Bosco for fraud; violation of

28   the RICO Act; violation of the HBOR, Cal. Civ. Code. § 2923.6; violation of RESPA, 12 U.S.C.

United States District Court
Northern District of California

19

§ 2605(e)(1)(A); and violation of Regulation X, 12 C.F.R. § 1024.41(g).  Claims the Court has dismissed with prejudice should not be pleaded in the second amended complaint.

Failure to file a timely second amended complaint, or failure to otherwise comply with this order, will result in dismissal with prejudice of all remaining claims.

The case management conference scheduled for September 26, 2023 is continued to January 30, 2024 at 2:00 p.m.  Updated case management statements are due January 23, 2024.

**IT IS SO ORDERED.**

Dated:  September 26, 2023



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

20