UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALISED LOAN SERVICING, et al.,<br><br>Defendants. | Case No. 22-cv-06993-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 77, 78 |

Before the Court are motions to dismiss by Defendants Dryden Capital, Inc. ("Dryden") and Zillow Group, Inc. ("Zillow"). ECF Nos. 77, 78. The Court will grant the motions.[1]

## I.   BACKGROUND

On November 7, 2023, Plaintiff Kabita Choudhuri filed her second amended complaint ("SAC") in this action against Defendants Specialized Loan Servicing, LLC., Bosco Credit LLC., Zillow Group, Inc., and Dryden Capital, Inc., whom she claims engaged in a conspiracy to defraud her by illegally foreclosing on her home. ECF No. 72. Because the facts are well-known to the parties and the Court has summarized Choudhuri's allegations in detail in its prior motion to dismiss order, ECF No. 66, the Court will not elaborate them here.

In its prior order, the Court found that Choudhuri sufficiently plead claims for violation of Cal. Civ. Code §§ 2923.3 and 2924b against Specialized and Bosco. The Court, however, dismissed Choudhuri's claims against all Defendants for promissory estoppel; tortious interference; unjust enrichment; nuisance; violations of the Holder Rule; 15 U.S.C. § 77q; 31 U.S.C. § 3729; California's Unfair Competition Law ("UCL"); the Fair Debt Collection Practices

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the February 8 and February 15, 2024 motion hearings. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

1   Act ("FDCPA"); the Rosenthal Act; the Truth in Lending Act ("TILA") and Regulation Z with
2   prejudice.  Choudhuri's Racketeering Influenced and Corrupt Organizations ("RICO") Act claims
3   against Zillow, as well as all other claims brought under the Homeowner Bill of Rights
4   ("HBOR"), federal Real Estate Settlement Procedures Act ("RESPA"), and Regulation Z, were
5   also dismissed with prejudice.  Choudhuri was granted leave to amend only her claims against
6   Specialized and Bosco for fraud; violation of the RICO Act; violation of the HBOR, Cal. Civ.
7   Code. § 2923.6; violation of RESPA, 12 U.S.C. § 2605(e)(1)(A); and violation of Regulation X,
8   12 C.F.R. § 1024.41(g).

9   Like her first amended complaint, Choudhuri's SAC is difficult to comprehend.
10  Choudhuri's SAC adds a new Defendant, Dryden, who is the current legal owner of the property
11  that is the subject of this dispute.  ECF No. 77 at 2.  Once again, Choudhuri has grouped various
12  causes of action into three "counts."  ECF No. 72.  It appears that Choudhuri has alleged claims
13  for violation of RESPA, 12 U.S.C.§ 2605(e)(l)(A); and HBOR, Cal. Civ. Code §§ 2923, 2924
14  against all Defendants in Count I.  *Id.* at 6.  Choudhuri has also plead claims for violation of
15  RICO, 18 U.S.C. § 1961; RESPA, 12 U.S.C. § 2605(f); implementing Regulation X, 12 C.F.R §§
16  1024.41(g); HBOR, Cal. Civ. Code §§ 2923.3 and 2924b; California's UCL, Cal Bus. & Prof.
17  Code §§ 17200, *et seq.*; and the federal False Claims Act, 31 U.S.C. § 3729 against only
18  Defendants Specialized, Dryden, and Bosco.  *Id.* at 10, 17.  Additionally, Choudhuri asks that the
19  Court enter default judgment against Zillow.  *Id.* at 19.

20  Dryden and Zillow now move to dismiss all claims brought against them in the SAC
21  pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 77, 78.

22  **II.    JURISDICTION**

23  The Court has jurisdiction over Choudhuri's federal claims under 28 U.S.C. § 1331 and
24  supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

25  **III.   LEGAL STANDARD**

26  "Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the
27  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
28  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When ruling on a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pro se complaints must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). "Nevertheless, the 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (alteration in original) (quoting *Stechman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

## IV. JUDICIAL NOTICE

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice, however, is an exception to this rule. *Id*. Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." If a fact is not subject to reasonable dispute, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

1    Although Dryden has not formally requested that the Court take judicial notice of the
2    exhibits attached to its motion, the Court does so sua sponte. Fed. R. Evid. 201(c). These
3    documents include the trustee's deed for the property at issue recorded on December 20, 2022, and
4    a grant deed issued by the County of Marin on May 11, 2023. ECF No. 77-2. Because these
5    documents are "generally known" within this court's territorial jurisdiction, and because they can
6    "be accurately and readily determined from sources whose accuracy cannot reasonably be
7    questioned," they are proper subjects of judicial notice. Fed. R. Evid. 201(b); *see also Lee v. City
8    of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (holding that "[a] court may take judicial notice
9    of matters of public record").[2]

## V.     DISCUSSION

### A.     Dryden

Choudhuri's SAC asserts various claims against Dryden on the ground that Dryden has recently "appear[ed] on the scene" and "inherits all of the liability of the previous owner of Plaintiff's loan." ECF No. 72 at 18. In moving to dismiss, Dryden contends that it is a bona fide purchaser ("BFP") for value with no prior knowledge of Choudhuri's dispute, and therefore, it cannot be held liable in this action. ECF No. 77 at 3.

"It is black-letter law that a [BFP] who acquires his or her interest in real property without knowledge or notice of another's prior rights or interest in the property takes the property free of such unknown interests." *In re Marriage of Cloney*, 91 Cal. App. 4th 429, 437 (2001) (internal quotations omitted). Furthermore, California Civil Code Section 2924 creates a "conclusive presumption . . . in favor of a BFP who receives a trustee's deed that contains a recital that the trustee has fulfilled its statutory notice requirements." *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1250 (2005). Section 2924 reads in relevant part:

> A recital in the deed executed pursuant to the power of sale of
> compliance with all requirements of law regarding the mailing of

---

[2] The Court declines to take judicial notice of Dryden's privately-obtained preliminary title report. ECF No. 84-2. *See Time Warner Entm't–Advance/Newhouse P'ship v. Steadfast Orchard Park*, L.P., 2008 WL 4350054, at *6 (C.D. Cal. Sept.23, 2008) (A privately obtained title report document "is not suitable for judicial notice as it is not a public record or otherwise beyond reasonable dispute.").

4

> copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

*Id*. (quoting Cal. Civ. Code § 1294(c)). The accompanying exhibits to Dryden's motion demonstrate that Dryden is a BFP who acquired legal title of the property at issue pursuant to a trustee's deed recorded on December 20, 2022. ECF No. 77-2 at 3–6. A grant deed was thereafter issued to Dryden on May 11, 2023. ECF No. 77-2 at 7.

Nothing in either Choudhuri's complaint or her opposition brief undermines Dryden's status as a BFP who cannot be held liable in this action. Choudhuri's opposition brief consists primarily of conclusory allegations that Dryden has made false claims and attached "fraudulent document[s]" to its motion. ECF No. 82 at 1. Choudhuri also avers that liability must be imputed to Dryden because "it is incumbent upon the purchaser to conduct due diligence" before purchasing property. *Id.* at 2. These assertions are not grounded in the caselaw, and *In re Marriage of Cloney*, cited by Choudhuri, does not help her position. *In re Marriage of Cloney* concerned whether a "purchaser of real property" could "be charged with constructive notice of a valid judgment lien" recorded against a seller of the property, where the purchaser's escrow agent had "actual notice the seller ha[d] used more than one name," and that "the name of the seller appearing on the instruments of title [differed from] that appearing on the seller's identification." 91 Cal. App. 4th at 436. In answering this question, the court noted that "any purchaser of real property acquires the property subject to prior interests of which he or she has actual or constructive notice." *Id.* at 437 (emphasis omitted). Here, Choudhuri pleads no facts establishing that Dryden had notice of her claims prior to its purchase of the property. Indeed, the trustee's deed and grant deed demonstrate that Dryden undertook some level of due diligence before purchasing the property, and that Dryden was not on notice of any adverse interest in the property by Choudhuri.

Because the Court agrees with Dryden that it can neither be held directly nor vicariously liable in this dispute, all claims against Dryden are dismissed. Further, because Choudhuri does not identify, and the Court cannot see, how the defects in Choudhuri's claims against Dryden can

be cured by amendment, all such claims are dismissed with prejudice. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (finding no error to deny amendment where amendment would be futile).

**B.    Zillow**

**1.    RESPA, Regulation X, and HBOR Claims**

Choudhuri alleges that Zillow has committed violations of RESPA, Regulation X, and HBOR. ECF No. 72 at 6. The Court has previously dismissed with prejudice Choudhuri's RESPA, Regulation X, and HBOR claims against Zillow.[3] ECF No. 66 at 19 ("Choudhuri's RICO claims against Zillow, as well as all other claims brought under the HBOR, RESPA, or Regulation X, are also dismissed with prejudice."). Accordingly, Choudhuri's RESPA, Regulation X, and HBOR claims against Zillow will again be dismissed with prejudice.

**2.    Remaining Claims Against Zillow**

Although the SAC is difficult to comprehend, Choudhuri appears to allege that Zillow "illegally" published information regarding the property at issue on its website, including listing it "for auction." ECF No. 72 at 4. Zillow contends that, to the extent that any claim can be deciphered from this allegation, such claims are "barred as a matter of law by Section 230(c)." ECF No. 78 at 10. The Court agrees.

"Section 230 of the Communications Decency Act ("CDA") 'immunizes providers of interactive computer services against liability arising from content created by third parties.'" *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1265 (9th Cir. 2016) (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc)). Section 230(c)(1) of the CDA makes clear that it "only protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009), *as amended* (Sept. 28,

---

[3] While the Court granted Choudhuri leave to amend her RESPA, Regulation X, and HBOR claims against Defendants Specialized and Bosco, it did not grant Choudhuri leave to amend her claims against Zillow. ECF No. 66 at 19.

2009).

Beginning with the first element, under the CDA, the term "interactive computer service" is interpreted "expansively." *Kimzey*, 836 F.3d at 1268 (internal quotations and modifications omitted). Zillow "operates an online database of real estate properties." ECF No. 78 at 11. Its website states that it is "reimagining the traditional rules of real estate to make it easier than ever to move from one home to the next."[4] Zillow clearly meets the definition of an internet service provider.

Turning to the second and third elements, it appears that Choudhuri seeks to hold Zillow liable for posting "auction notices" of her property on its website, allegedly at the behest of Defendant Bosco. ECF No. 72 at 5. Construing the allegations in the light most favorable to Choudhuri, it seems that her claims are directed against Zillow in its capacity as a publisher or speaker of the auction notices. However, Choudhuri has not demonstrated—nor does the Court believe that Choudhuri could demonstrate—that the auction notices on Zillow's website stemmed from "content development or creation" by Zillow. *Kimzey*, 836 F.3d at 1270. As stated on Zillow's website, Zillow collects information from public sources; it does not engage in content creation.[5] And further, Choudhuri's SAC admits that Zillow did not develop content itself, but rather allegedly "host[ed] . . . property searches . . . showing only the Plaintiff's property as listed for auction." ECF No. 72 at 4.

Thus, to the extent that Choudhuri seeks to hold Zillow liable for posting auction notices on its website, the Court finds that these claims fall squarely within the purview of Section 230 and are barred as a matter of law.

### 3. Default Judgment

Read liberally, Choudhuri's SAC requests that the Court reconsider her prior motion for

---

[4] The court takes judicial notice of this fact, as it is available on Zillow's website page and it is not subject to reasonable dispute, https://investors.zillowgroup.come/investors/overview/default.aspx. *See* Fed. R. Evid. 201.

[5] The court takes judicial notice of this fact, as it is available on Zillow's website page and it is not subject to reasonable dispute, https://zillow.zendesk.com/hc/en-us/articles/213218507-Where-does-Zillow-get-information-about-my-property. *See* Fed. R. Evid. 201.

entry of default against Zillow. ECF No. 72 at 19; *see* ECF No. 23.[6] As the Court explained in its prior order:

> On November 8, 2022, Choudhuri requested that Zillow waive service of the initial complaint; Zillow agreed, which established a deadline for response of January 7, 2023. ECF No. 18. On December 15, 2022, this Court dismissed Choudhuri's initial complaint. ECF No. 16. On January 17, 2023, Choudhuri filed her first amended complaint. ECF No. 17. The proof of service filed with the first amended complaint indicates it was served on Zillow using the Court's CM/ECF system. *Id*. at 18. Because the Court's dismissal of the initial complaint eliminated Zillow's deadline to respond to it, Zillow had not yet appeared in this case, such that the first amended complaint could not be served via CM/ECF.

ECF No. 66 at 17–18. In denying Choudhuri's motion for default, the Court reasoned that there was not "proof of sufficient service of the first amended complaint." *Id.* at 18. Choudhuri's amended complaint includes an edited proof of service document with handwritten modifications stating that proof of service was not issued by CM/ECF, but rather was issued "by mail." ECF No. 72-2 at 5. The Court is not persuaded that this is proof of sufficient service of the first amended complaint, in part because it directly contravenes Choudhuri's previous affidavit. *See* ECF No. 17 at 18. Further, the Court agrees with Zillow that there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." ECF No. 78 at 15 (quoting *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)). Accordingly, the Court declines to grant Choudhuri's motion for default against Zillow.

## CONCLUSION

Dryden and Zillow's motions to dismiss are granted. Because Choudhuri cannot cure the basic flaws in her pleading against Dryden, the Court dismisses her claims without leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("Because any amendment would be futile, there is no need to prolong the litigation by permitting further

/ / /

/ / /

---

[6] Zillow argues that Choudhuri has failed to file either a Rule 59(e) or Rule 60 motion to reconsider. Cognizant of Choudhuri's pro se status, however, the Court will construe Choudhuri's SAC as a proper motion for reconsideration.

8

amendment."). Furthermore, because the Court has already dismissed Choudhuri's claims against Zillow, those claims will again be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 26, 2024



JON S. TIGAR
United States District Judge