UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALISED LOAN SERVICING, et al.,<br><br>Defendants. | Case No. 22-cv-06993-JST<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT; ORDER TO SHOW CAUSE RE: SERVICE**<br><br>Re: ECF No. 54 |

The second amended complaint in this case was filed on November 7, 2023. As of the date of this order, the docket reflects no evidence that the summons and complaint have been served on Defendant Bosco Credit LLC. Plaintiff has submitted the declaration of Leila Sen, averring that she served the complaint on Bosco by mail and email to Bosco at an address in Jersey City, New Jersey. ECF No. 52-2. Because Plaintiff has not also submitted a written acknowledgement from Bosco, such service was not effective:

> Although service of a summons and complaint by mail is effective under California law and is thus effective in this judicial district pursuant to Federal Rule 4(e), such service is only "deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Therefore, absent written acknowledgment of receipt of summons (such as an executed waiver of service), service by mail is not effective in California.

*Murillo v. Ramos*, No. 3:22-CV-00548-TWR(AHG), 2023 WL 4375644, at *2 (S.D. Cal. July 6, 2023); *see also Nesbit v. Sunrise Restaurants*, No. 223CV02822SVWMAA, 2023 WL 5498887, at *1 (C.D. Cal. June 23, 2023) ("Plaintiff's service by certified mail was ineffective under the federal rules and California state law, since he did not include a notice of acknowledgement and

there is no evidence that defendant signed and returned the acknowledgement of receipt."). Plaintiff's attempted service by email was also ineffective. *See Nesbit*, 2023 WL 5498887, at *1.

Because Plaintiff has not effected valid service on Bosco, her motion for entry of default as to that defendant, ECF No. 54, is denied.

Plaintiff must now either properly serve Bosco or show cause why she has not done so. Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On February 5, 2024, 90 days will have passed since the filing of the second amended complaint, and 454 days will have passed since the filing of the initial complaint. Plaintiff must therefore either serve Bosco by February 5, 2024, or show cause why Bosco should not be dismissed for failure to serve. If Bosco has not been served by February 5, 2024, Plaintiff must file a written response to this order by February 20, 2024. The Court will conduct a hearing on the order to show cause on May 14, 2024, at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: January 29, 2024



JON S. TIGAR
United States District Judge