UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, et al.,<br><br>Defendants. | Case No. 22-cv-06993-JST<br><br>**ORDER GRANTING IN PART, DENYING IN PART MOTION FOR JUDGMENT ON PLEADINGS; ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; ORDER DENYING MOTION TO STRIKE; ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 95, 97, 100, 101 |

Before the Court is Defendant Specialized Loan Servicing, LLC's motion for judgment on the pleadings, and in the alternative, motion for summary judgment. ECF No. 95. Also before the Court is Pro Se Plaintiff Kabita Choudhuri's motion to strike, ECF No. 101, and Defendant Bosco Credit LLC's motion to dismiss, ECF No. 100. For the reasons set forth below, the Court will grant Specialized's motion for judgment on the pleadings in part and deny it in part. The Court also grants Specialized's alternative motion for summary judgment on the remaining claims. In addition, the Court denies Choudhuri's motion to strike. Finally, the Court grants Bosco's motion to dismiss.

**I.   BACKGROUND**

On November 7, 2023, Choudhuri filed her second amended complaint ("SAC") in this action against Defendants Specialized Loan Servicing, LLC., Bosco Credit LLC., Zillow Group, Inc., and Dryden Capital, Inc., whom she claims engaged in a conspiracy to defraud her by illegally foreclosing on her home. ECF No. 72. The Court previously addressed the claims brought against Defendants Zillow and Dryden in a separate order. ECF No. 90.

In its prior order regarding Choudhuri's first amended complaint, the Court found that Choudhuri sufficiently plead claims for violations of Cal. Civ. Code §§ 2923.3 and 2924b against Specialized and Bosco. ECF No. 66. The Court, however, dismissed Choudhuri's claims against all Defendants for promissory estoppel; tortious interference; unjust enrichment; nuisance; violations of the Holder Rule; 15 U.S.C. § 77q; 31 U.S.C. § 3729; California's Unfair Competition Law ("UCL"); the Fair Debt Collection Practices Act ("FDCPA"); the Rosenthal Act; the Truth in Lending Act ("TILA") and Regulation Z with prejudice. *Id.* Choudhuri's Racketeering Influenced and Corrupt Organizations ("RICO") Act claims against Zillow, as well as all other claims brought under the Homeowner Bill of Rights ("HBOR"), federal Real Estate Settlement Procedures Act ("RESPA"), and Regulation Z, were also dismissed with prejudice. *Id.* Choudhuri was granted leave to amend only her claims against Specialized and Bosco for fraud; violation of the RICO Act; violation of the HBOR, Cal. Civ. Code. § 2923.6; violation of RESPA, 12 U.S.C. § 2605(e)(1)(A); and violation of Regulation X, 12 C.F.R. § 1024.41(g). *Id.*

As with her first amended complaint, Choudhuri's SAC is difficult to comprehend. Once again, Choudhuri has grouped various causes of action into three "counts." ECF No. 72. It appears that Choudhuri has alleged claims for violation of RESPA, 12 U.S.C.§ 2605(e)(l)(A); and HBOR, Cal. Civ. Code §§ 2923, 2924 against all Defendants in Count I. *Id.* at 6. Choudhuri has also plead claims for violation of RICO, 18 U.S.C. §§ 1962 *et seq.*, and Cal. Bus. & Prof. Code §§ 17500 *et seq.*, against Defendants Specialized, Dryden, and Bosco in Count II. Finally, Count III alleges violations of RESPA, 12 U.S.C. § 2605(f); implementing Regulation X, 12 C.F.R §§ 1024.41(g); HBOR, Cal. Civ. Code §§ 2923.3 and 2924b; California's UCL, Cal Bus. & Prof. Code §§ 17200, *et seq.*; the federal False Claims Act, 31 U.S.C. § 3729, as well as a claim for fraud, against only Defendants Specialized, Dryden, and Bosco. *Id.* at 10, 17.[1]

## II.   JURISDICTION

The Court has jurisdiction over Choudhuri's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

---

[1] The Court will only consider the claims for which Choudhuri was granted leave to amend against Specialized and Bosco. *See* ECF No. 66 at 19–20.

2

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(c)

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c), which provides, "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion will only be granted when, viewing the facts as presented in the pleadings in a light most favorable to the plaintiffs, and accepting those facts as true, the moving party is entitled to judgment as a matter of law. *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992) ("In reviewing the defendants' motions under Fed. R. Civ. P. 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiff's allegations."). "[M]aterials properly attached to the pleadings as exhibits may [also] be considered." *Wahl v. Am. Sec. Ins. Co.*, 2010 WL 1881126, at *3 (N.D. Cal. May 10, 2010) (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978)). "Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### B. Federal Rule of Civil Procedure 56

Granting summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must consider all evidence in the light most favorable to the non-moving party. *Isbell v. City of San Diego*, 258 F.3d 1108, 1112 (9th Cir. 2001).

3

Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id*. at 1102–03. If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "Reasonable doubts as to the existence of material factual issue[s] are resolved against the moving party and inferences are drawn in the light most favorable to the non-moving party." *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 538 (9th Cir. 2018) (quoting *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000)).

### C. Federal Rule of Civil Procedure 12(b)(6)

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. When ruling on a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pro se complaints must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

4

**D.     Leave to Amend**

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). "Nevertheless, the 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (alteration in original) (quoting *Stechman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

**IV.     DISCUSSION**

**A.     Defendant Specialized Loan Servicing**

**1.     Motion to Strike**

Before analyzing the merits, the Court briefly addresses Choudhuri's request to "strike" Specialized's motions on the grounds that (1) the motion for judgment on the pleadings was prematurely filed and (2) she was not given notice of the motion for summary judgment. *See* ECF No. 101.[2]

First, Choudhuri contends that Specialized's motion for judgment on the pleadings was prematurely filed "because all parties [had] not yet appeared in the action." *Id.* at 1. In particular, she claims that she only "recently perfected the delivery of summons to Defendant Bosco." *Id.* Choudhuri is correct that Bosco was only recently served. ECF No. 94. But that has no bearing on whether the pleadings are closed as to Specialized. Specialized entered an appearance and filed an answer to Choudhuri's SAC on December 5, 2024, and it filed this motion on February 15, 2024. ECF Nos. 79, 80, 95. Thus, the pleadings are closed with respect to Specialized and its motion for judgment on the pleadings was timely filed.

---

[2] One week after filing her opposition, ECF No. 97, Choudhuri filed an amended opposition, which includes her motion to strike, ECF No. 101. "[G]iving due deference to [Choudhuri's] pro se status," the Court will consider her amended opposition. *Marcos-Chavela v. Graham*, No. C22-1035-RAJ, 2023 WL 2890363, at *1 (W.D. Wash. Apr. 11, 2023).

1  In addition, Choudhuri avers that Specialized's motion for summary judgment must be
2  stricken because she has not been given "statutorily required notice and time to respond to a
3  motion for summary judgment." ECF No. 101 at 1.  Fed. R. Civ. P. 56(b) holds that "a party may
4  file a motion for summary judgment at any time until 30 days after the close of all discovery."
5  Further, Civil Local Rule 7–2 states that "all motions must be filed, served and noticed in writing
6  on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the
7  motion."  Here, discovery has not closed.  *See* ECF No. 89 at 6 (joint case management statement
8  stating that Specialized "believes discussion of a discovery plan is premature at this juncture given
9  its anticipated motion for judgment on the pleadings, and in the alternative, for summary
10 judgment, which may defeat all of Plaintiff's causes of action, without the need of engaging in
11 discovery.").  Further, Specialized's motion for summary judgment was filed on February 15,
12 2024 and the motion hearing was scheduled for April 4, 2024.  Specialized provided sufficient
13 notice of its motion.
14 Accordingly, Choudhuri's motion to strike is denied.

### 2. Motion for Judgment on the Pleadings

Turning to the merits, Specialized argues that it is entitled to judgment on the pleadings as to each of the five claims that were previously dismissed with leave to amend, including: (1) fraud; (2) violation of the RICO Act; (3) violation of the HBOR, Cal. Civ. Code. § 2923.6; (4) violation of RESPA, 12 U.S.C. § 2605(e)(1)(A); and (5) violation of implementing Regulation X, 12 C.F.R. § 1024.41(g).  The Court analyzes each in turn.

#### a. Fraud

As the Court previously noted in its prior order dismissing Choudhuri's fraud claim with leave to amend, ECF No. 66 at 12, "[u]nder California law, 'the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996), *superseded by statute on other grounds*).  A party alleging fraud "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when,

where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Choudhuri alleges that Specialized committed fraud by applying illegal fees and unfair interest rates to her home loan. ECF No. 72 at 17. Once again, Choudhuri has failed to allege any facts which allow this Court to infer that any fees charged were illegal. And further, her conclusory averments that Specialized fraudulently extorted her funds, made fraudulent filings, ignored her qualified written requests, and made false promises "via documents" are insufficient to meet the heightened pleading standards of Fed. R. Civ. P. 9(b). *See id.* at 13, 17. Without more detail, it is not clear how such conduct amounts to fraud.

Having previously dismissed Choudhuri's fraud claims on the same grounds, the Court now grants judgment on the pleadings in favor of Specialized on Choudhuri's fraud claim and dismisses it with prejudice.

### b. RICO

To state a civil RICO claim under Section 1962(c), "a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

In its prior order dismissing Choudhuri's RICO claim with leave to amend, the Court noted that she failed to comply with Rule 9(b). ECF No. 66 at 14. The Court reasoned that "[b]ecause Choudhuri plead[ed] predicate acts of wire and mail fraud, she [needed to] identify 'the who, what, when, where, and how' of each of the alleged acts of fraud." *Id.* (quoting *Vess*, 317 F.3d at 1106).

Choudhuri's amended RICO claim is long-winded and hard to decipher. Although she includes a chart that purports to state "the who, what, when, where, and how" of her RICO claim, she still does not allege sufficient detail. For example, one of her allegations is that Defendants Specialized and Bosco engaged in "fraudulent filings" from July to November 2018 through a "Wire/DMM system." ECF No. 72 at 13. The corresponding exhibit, ECF No. 72-2 at 2, however, appears to pertain to mortgage information from Franklin Credit Management

7

1 Corporation, and it offers no relevant details as to Specialized or Bosco's alleged fraud.

2 Putting aside the fact that Choudhuri has not satisfied the first element of a RICO claim, she also fails to sufficiently plead the existence of an enterprise. An associated-in-fact enterprise exists where multiple individuals or entities are "associated together for a common purpose of engaging in a course of conduct," which requires "both evidence of an ongoing organization, formal or informal and evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552 (internal quotations omitted). "An ongoing organization is 'a vehicle for the commission of two or more predicate crimes.'" *Id.* (quoting *United States v. Cagnina*, 697 F.2d 915, 921 (11th Cir. 1983)). Choudhuri again claims that Specialized, Bosco, and Dryden "seek to maximize their profit" by selling property "at the lower alleged default amount so that they can pocket the profit at resale." ECF No. 72 at 10. Akin to her first amended complaint, however, Choudhuri suggests no facts indicating an ongoing organization among Defendants. Simply averring that "Bosco has from the start been in cahoots with [Specialized]" is not enough to sufficiently plead the existence of an enterprise. ECF No. 72 at 11.

Having twice dismissed Choudhuri's RICO claim on the same grounds, the Court now grants judgment on the pleadings in favor of Specialized on Choudhuri's RICO claim and dismisses it with prejudice.

### c. HBOR Section 2923.6

Choudhuri has realleged her claim that that Specialized violates HBOR's dual tracking prohibition. ECF No. 72 at 6. Section 2923.6(c) provides that, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). No foreclosure sale may occur until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired." *Id.* Of note here, Section 2923.6 also contains a limit on its applicability:

> The mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a *first lien loan modification* . . . or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, *unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application* and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g) (emphasis added). In previously dismissing Choudhuri's HBOR claim, the Court reasoned that Choudhuri failed to "allege that Specialized or Bosco are mortgage servicers within the meaning of the statute, such that she can state claims against Specialized and Bosco under Section 2923.6(c)." ECF No. 66 at 16.

Specialized contends that judgment on the pleadings should be granted because Choudhuri fails to allege (1) that Specialized is the servicer of her mortgage, and (2) that "her loan modification application was her first, or if not her first, that there had been a material change to her financial circumstances." ECF No. 95 at 17–18. Beginning with the first, Specialized argues that Choudhuri's "SAC merely adds that [Specialized] 'purport[ed] to be the servicer of Plaintiff's mortgage account.'" *Id.* at 17 (quoting ECF No. 72 at 17). Mindful of Choudhuri's pro se status, the Court finds that Choudhuri has sufficiently alleged that Specialized is the servicer of her mortgage account, and it declines to grant judgment on the pleadings in Specialized's favor on this basis.

Specialized's second argument, however, is sufficient to find judgment on the pleadings in its favor. Choudhuri has not adequately alleged that her loan modification application was her first, or if not her first, that there had been a material change to her financial circumstances that merited another loan modification application. *See* Cal. Civ. Code §§ 2923.6(c),(g). While she alleges that she mailed a request for a loan modification on September 22, 2022, she does not specify whether this was either her first application or if a material change to her financial circumstances warranted another application.

Having twice dismissed Choudhuri's HBOR Section 2923.6 claim for failure to plead sufficient facts to plausibly allege a violation, the Court now grants judgment on the pleadings in favor of Specialized on Choudhuri's Section 2923.6 claim and dismisses it with prejudice.

9

### d. RESPA Section 2605(e)(1)(A)

Finally, Choudhuri renews her allegations that Specialized violated RESPA Section 2605(e)(1)(A). Pursuant to RESPA, upon receipt of a "qualified written request" ("QWR") from a borrower, a servicer of a federally related mortgage loan is required to acknowledge "receipt of the correspondence within 5 days" or "take the action requested." 12 U.S.C. § 2605(e)(1)(A). A qualified written request (1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for believing the account is in error or provides other sufficient detail regarding the information sought by the borrower, and (3) seeks information relating to the servicing of the loan. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012).

Choudhuri alleges that she sent a QWR to Specialized on "October 24, 2022" to the address that Specialized lists on its website. ECF No. 72 at 5. She further claims that the QWR remains "unanswered," and that documents concerning her QWR are attached as exhibits to her SAC. *Id.* In moving for judgment on the pleadings, Specialized claims that "the attached exhibits do not support that allegation at all, rendering the pleading self-contradictory." ECF No. 95 at 19. On a motion for judgment on the pleadings, as with a motion to dismiss, the Court will not weigh the evidence. *See JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, No. 20-CV-05381-HSG, 2022 WL 195648, at *4 (N.D. Cal. Jan. 21, 2022) ("While evidence that AECOM addressed over 200 requests may undermine Plaintiff's abandonment theory at trial, the Court does not weigh the evidence at this stage in the litigation."). Instead, the Court asks whether Plaintiff has pled "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *4 (N.D. Cal. Aug. 3, 2021) (citation omitted).

Accordingly, Specialized's motion for judgment on the pleadings as to the RESPA Section 2605(e)(1)(A) claim is denied (although the Court below resolves this claim on Specialized's motion for summary judgment).

### e. Regulation X

Finally, Choudhuri alleges that Specialized violated 12 C.F.R. § 1024.41(g), a section of Regulation X. 12 C.F.R. § 1024.41(g) prohibits a mortgage servicer from conducting a

10

1    foreclosure sale if a borrower submits a complete loss mitigation application after the servicer has
2    noticed the foreclosure process but more than 37 days before a foreclosure sale.  In its prior order
3    dismissing Choudhuri's Regulation X claim with leave to amend, the Court reasoned that
4    "Choudhuri does not allege that . . . Specialized [is a] loan servicer[] within the meaning of
5    Regulation X; does not allege the scheduled date of the foreclosure sale at the time she submitted
6    her loan modification applications; and does not allege when any foreclosure sale was conducted."
7    ECF No. 66 at 18.

8          Choudhuri's SAC does not cure these deficiencies.  Although the Court finds that
9    Choudhuri has now alleged that that Specialized is a loan servicer within the meaning of
10   Regulation X, she neither alleges the scheduled date of the foreclosure sale, nor when any
11   foreclosure sale was conducted.  Accordingly, the Court grants Specialized's request for judgment
12   on the pleadings as to this claim and dismisses it with prejudice.

13         In sum, of Choudhuri's five claims that were previously dismissed with leave to amend,
14   only Choudhuri's claim for violation of RESPA, 12 U.S.C. § 2605(e)(1)(A), remains.  That claim
15   is addressed further below.

16         **3.    Motion for Summary Judgment**

17         As an alternative to its motion for judgment on the pleadings, Specialized moves for
18   summary judgment on each of its aforementioned claims and as to Choudhuri's HBOR claims,
19   Cal. Civ. Code. §§ 2923.3 and 2924b, which this Court previously declined to dismiss.  ECF No.
20   66 at 16.  Because the Court granted judgment on the pleadings as to all claims except the RESPA
21   Section 2605(e)(1)(A) claim, it will only analyze Choudhuri's RESPA Section 2605(e)(1)(A) and
22   HBOR Section 2923.3 and 2924b claims in this section.

23         **a.    RESPA Section 2605(e)(1)(A)**

24         Specialized argues that it is entitled to summary judgment on Choudhuri's RESPA claim.
25   ECF No. 95 at 12.  Pursuant to RESPA, upon receipt of a "qualified written request" from a
26   borrower, a servicer of a federally related mortgage loan is required to acknowledge "receipt of the
27   correspondence within 5 days" or "take the action requested."  12 U.S.C. § 2605(e)(1)(A).  Upon
28   receipt of a "qualified written request" from a borrower, a servicer of a federally related mortgage

11

1    loan is required to acknowledge "receipt of the correspondence within 5 days" or "take the action
2    requested." *Id.*
3        As previously noted, Choudhuri alleges that she sent a QWR to Specialized on "October
4    24, 2022" to the address that Specialized lists on its website. ECF No. 72 at 5. She further claims
5    that the QWR remains "unanswered," and that documents concerning her QWR are attached as
6    exhibits to her SAC. *Id.* Specialized, however, contends that it never received any QWRs from
7    Choudhuri in 2022. ECF No. 95 at 12 (citing ECF No. 95-1 ¶ 12). While Choudhuri cites
8    generally to the exhibits attached to her SAC as proof that she sent a QWR, a closer examination
9    reveals that Choudhuri has not proffered any evidence that she mailed a QWR to Specialized's
10   designated address. This is fatal to her claim against Specialized, as Choudhuri has not
11   established a genuine issue of material fact that she correctly sent a QWR to Specialized.
12       Accordingly, the Court grants summary judgment in favor of Specialized on the RESPA
13   claim.

### b.    HBOR Sections 2923.3 and 2924b

15       Finally, Specialized moves for summary judgment as to Choudhuri's remaining HBOR
16   claims, Cal. Civ. Code. §§ 2923.3 and 2924b. ECF No. 95 at 22–23. The HBOR requires the
17   mortgagee, trustee, or authorized agent to provide the mortgagor or trustor a copy of the recorded
18   notice of default, a copy of the recorded notice of sale, and an attached separate summary
19   document of each. *See* Cal. Civ. Code § 2923.3. Similarly, Section 2924b requires that, within
20   ten business days after any notice of default is recorded, the mortgagee, trustee, or other person
21   authorized to record the notice of default or the notice of sale must mail a copy of the notice of
22   default by registered or certified mail to the trustor or mortgagor. *See* Cal. Civ. Code
23   § 2924b(b)(1).
24       The Court previously determined that Choudhuri sufficiently plead claims for violation of
25   Cal Civ. Code §§ 2923.3 and 2924b, as she alleged that she had never received a copy of the
26   recorded notice of default. ECF No. 66 at 16. In moving for summary judgment, Specialized
27   claims that "there is incontrovertible evidence that [Specialized] did comply with sections 2923.3
28   and 2924b by mailing a copy of the pertinent notice of default with all required information."

12

ECF No. 95 at 23 (citing ECF No. 95-1). Exhibit 1 of Specialized's SAC includes an affidavit stating that the notice of default was mailed to Choudhuri on September 9, 2021 (the same day her loan modification application was denied) in a sealed envelope by certified mail. *See* ECF No. 95-1 at 5, 6–9. Regardless of whether Choudhuri actually received the notice of default, the record is clear that Specialized complied with its duty to mail a copy of the notice via registered or certified mail. *See Spears v. First Guar. Mortg. Corp.*, No. C09-5721 TEH, 2010 WL 1135803, at *3 (N.D. Cal. Mar. 22, 2010) ("More importantly, the statute does not require that [Plaintiff] actually have received the notices.").

Accordingly, summary judgment is granted in favor of Specialized on the HBOR Section 2923.3 and 2924b claims.

### B.      Defendant Bosco

The Court now turns to address Defendant Bosco's motion to dismiss. It begins by addressing Bosco's request for judicial notice before delving into the merits of the motion.

#### 1.      Request for Judicial Notice

Bosco requests that the Court judicially notice six documents: (1) the deed of trust recorded on March 10, 2005, in Marin County Recorder's Office with instrument number 2005-0016754; (2) the deed of trust recorded on December 28, 2005, in Marin County Recorder's Office with instrument number 2005-0097133; (3) the subordination agreement recorded on December 28, 2005, in Marin County Recorder's Office with instrument number 2005-0097134; (4) the assignment of deed of trust recorded on June 30, 2008, in Marin County Recorder's Office with instrument number 2008-0030668; (5) the notice of trustee's sale recorded on May 17, 2022, in Marin County Recorder's Office with instrument number 2022-0020152; (6) the trustee's deed upon sale recorded on December 20, 2022, in Marin County Recorder's Office with instrument number 2022-0040599; (7) the ruling on a motion for vexatious litigant pre-filing order and bond, dated May 17, 2013, in the Marin County Superior Court, Case No. CV1204681, entitled *Kabita Choudhuri v. Matthew Sgnilek, et al.*; (8) this Court's prior order granting Plaintiff in forma pauperis status and dismissing the complaint, filed on December 15, 2022; and (9) this Court's prior order from September 26, 2023. *See generally* ECF No. 100-1. Choudhuri opposes the

1 request for judicial notice, arguing that each document is not verified or authenticated. ECF No. 103 at 1.

Courts may judicially notice facts that are "not subject to reasonable dispute," meaning they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The deeds of trust, subordination agreement, assignment of deed of trust, notice of trustee's sale, and the trustee's deed upon sale are public records properly subject to judicial notice. *Amedee v. Citimortgage, Inc*., No. 15-cv-03356-HSG, 2016 WL 1070657, at *1 (N.D. Cal. Mar. 18, 2016) ("Publicly-recorded real estate instruments, including deeds of trust, assignments, and substitutions of trustee, as well as default and foreclosure notices, are the proper subject of judicial notice, unless subject to reasonable dispute."). Choudhuri claims that these documents have "been altered by the defendant or its attorney to reflect a non-existent address," and that they are not "verified, notarized or authenticated in any way." ECF No. 103 at 1. That these documents were recorded in Marin County, on the dates shown on each document, is not subject to reasonable dispute. Therefore, the Court will take judicial notice of the aforementioned documents, but not any disputed facts within them.

In addition, the prior court orders are also proper subjects of judicial notice. Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2010). "[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Therefore, the Court will take judicial notice of the court orders for the facts that such actions and documents were filed and that certain issues were raised and addressed in these actions. It will not, however, take judicial notice of the truth of any facts recited in any of these court opinions.

### 2. Motion to Dismiss

Bosco argues that each of Choudhuri's remaining causes of action for (1) fraud, (2) violation of the RICO Act, (3) violation of the HBOR, Cal. Civ. Code. § 2923.6, (4) violation of

14

RESPA, 12 U.S.C. § 2605(e)(1)(A), and violation of Regulation X, 12 C.F.R. § 1024.41(g) must be dismissed for failure to state a claim. It also argues that Choudhuri's claims under HBOR 2923.3 and 2924b, which were not dismissed in the last round of briefing, are now moot.

### a.  Fraud

Choudhuri again alleges that Bosco charged "fraudulent" fees and "unfair" interest rates to her loan. ECF No. 72 at 7, 17. For the same reasons set forth above, *see supra* at 6–7, Choudhuri's fraud claim does not rise to the heightened standard required under Fed. R. Civ. P. 9(b). She does not allege any facts which allow the Court to infer that any charged fess were illegal or fraudulent. And she also fails to explain how conduct such as allegedly charging "unfair" interest rates constitutes fraud. ECF No. 72 at 17.

The Court previously dismissed Choudhuri's fraud claims against Specialized on the same grounds, and is therefore skeptical that Choudhuri can cure these deficiencies. Nonetheless, because Choudhuri has not had an opportunity to amend as to Bosco, the Court grants leave to amend in an abundance of caution.

### b.  RICO

Choudhuri's RICO claim against Bosco is inextricably intertwined with her RICO claim against Specialized. Indeed, the crux of her argument is that "Bosco has from the start been in cahoots with [Specialized]" to "maximize their profit" by selling property "at the lower alleged default amount so that they can pocket the profit at resale." ECF No. 72 at 10.

The Court adopts its previous analysis in its entirety, *see supra* at 7–8, and dismisses Choudhuri's RICO claim against Bosco. Because Choudhuri has had multiple opportunities to amend her claim as to Specialized, the Court is skeptical that she can amend to cure this deficiency. Nonetheless, because Choudhuri has not had an opportunity to amend as to Bosco, the Court grants leave to amend in an abundance of caution.

### c.  HBOR Section 2923.6

Choudhuri alleges that Bosco violated HBOR Section 2923.6 by conducting a trustee's sale before issuing a written decision on her loan modification application, which was submitted at least five days before the scheduled sale. ECF No. 72 at 7–8. Bosco contends that Choudhuri's

15

1  HBOR Section 2923.6 claim must be dismissed because that section applies only to first lien
2  mortgages or deeds of trust and Choudhuri's deed of trust "occupies a junior or second lien
3  position." ECF No. 100 at 4; *see id.* at 9.

4  Section 2924.15 of the California Civil Code makes clear that Section 2923.6 "shall apply
5  *only* to first lien mortgages or deeds of trust that are secured by owner-occupied residential real
6  property." (emphasis added). The documents submitted by Bosco demonstrate that on February
7  28, 2005, Choudhuri took out a home equity line of credit from Cal State 9 Credit Union. *See*
8  ECF No. 100-1 at 5. Thereafter, on December 28, 2005, Choudhuri borrowed money from Wells
9  Fargo Bank, N.A. *See id.* at 21. That same day, a subordination agreement was recorded whereby
10 Cal State 9 Credit Union subordinated its deed of trust to Wells Fargo's deed of trust. *See id.* at
11 50. Subsequently, in 2008, the deed of trust was transferred from Cal State 9 Credit Union to
12 Bosco. *See id.* at 55. Effectively, the deed of trust as to Bosco is not a first lien deed of trust.

13 Courts have consistently rejected Section 2923.6 claims that do not pertain to first lien
14 mortgages or deeds of trust. *See Matthews v. Specialized Loan Servicing, LLC*, No.
15 CVED2000307CJCSPX, 2020 WL 1889043, at *7 (C.D. Cal. Apr. 15, 2020) ("[T]he loan Plaintiff
16 sought to modify was his second loan . . . . Accordingly, section 2923.6 does not apply and this
17 claim must be dismissed."); *Manson v. Guar. Bank*, 2017 WL 1094079, at *2 (S.D. Cal. Mar. 23,
18 2017) ("The HBOR by its plain terms does not apply to second lien loans."); *Stephens v. World*
19 *Sav. Bank*, 2013 WL 664615, at *7 (N.D. Cal. Feb. 22, 2013) (holding that "the specific code
20 sections that Plaintiffs contend in this application that Defendants violated [including section
21 29.23.6] . . . do not apply to the second deed of trust at issue here" because "these codes . . . apply
22 only to first lien mortgages or deeds of trust").

23 Accordingly, Choudhuri's claim under Section 2923.6 must be dismissed for failure to
24 state a claim. Because amendment would be futile, the Court dismisses this claim with prejudice.
25 *See Novak*, 795 F.3d at 1020.

###                    d.        RESPA Section 2605(e)(1)(A)

27 Choudhuri again alleges that Bosco has violated RESPA, 12 U.S.C. § 2605(e)(1)(A).
28 Under RESPA, upon receipt of a "qualified written request" from a borrower, a servicer of a

federally related mortgage loan is required to acknowledge "receipt of the correspondence within 5 days" or "take the action requested." 12 U.S.C. § 2605(e)(1)(A). A qualified written request (1) reasonably identifies the borrower's name and account, (2) either states the borrower's reasons for believing the account is in error or provides other sufficient detail regarding the information sought by the borrower, and (3) seeks information relating to the servicing of the loan. *Medrano*, 704 F.3d at 666.

In its prior order, the Court noted that "Choudhuri does not allege that Specialized and Bosco are both servicers within the meaning of RESPA, and the requests suggest they may not be." ECF No. 66 at 17. The Court finds that Choudhuri has failed to allege that Bosco is a servicer within the meaning of RESPA. Rather, she alleges that "[o]n October 10, 2022, [she received] a statement . . . from Franklin Management, allegedly an agent of Bosco, . . . , stating that it was a servicer." ECF No. 72 at 7. And further, Exhibit C of Choudhuri's SAC plainly states that Bosco is a "creditor," not a servicer. *See* ECF No. 72-1 at 10.

Because amendment would be futile, the Court now dismisses this claim with prejudice. *See Novak*, 795 F.3d at 1020.

### e. Regulation X

Choudhuri renews her claim that Bosco violated Regulation X, 12 C.F.R. § 1024.41(g). Section 1024.41(g) prohibits a mortgage servicer from conducting a foreclosure sale if a borrower submits a complete loss mitigation application after the servicer has noticed the foreclosure process but more than 37 days before a foreclosure sale.

As noted in the preceding section, Choudhuri has not alleged that Bosco is a mortgage servicer. Accordingly, Choudhuri's claim under Section 1024.41(g) must be dismissed. Because amendment would be futile, the Court now dismisses this claim with prejudice. *See Novak*, 795 F.3d at 1020.

### f. HBOR Sections 2923.3 and 2924b

In its prior order, the Court found that Choudhuri sufficiently plead claims against both Specialized and Bosco for violation of HBOR Sections 2923.3 and 2924b because she alleged "that she has never received a copy of the recorded notice of default" prior to foreclosure. ECF

17

No. 66 at 16. The Court now takes the opportunity to revisit its prior ruling.[3]

Section 2923.3 requires the mortgagee, trustee, or authorized agent to provide the mortgagor or trustor a copy of the recorded notice of default, a copy of the recorded notice of sale, and an attached separate summary document of each. Cal. Civ. Code § 2923.3. Section 2924b requires that, within ten business days after any notice of default is recorded, the mortgagee, trustee, or other person authorized to record the notice of default or the notice of sale must mail a copy of the notice of default by registered or certified mail to the trustor or mortgagor. Cal. Civ. Code § 2924b(b)(1).

Bosco argues that it cannot, as a matter of law, violate these sections because no foreclosure sale was ever held by Bosco. *See* ECF No. 100 at 10. As demonstrated by the trustee's deed of sale, the holder of the senior loan foreclosed in 2022, and the grantee or "foreclosing beneficiary" of the sale was Deutsche Bank, who was the highest bidder. ECF No. 100-1 at 63. While the trustee's deed of sale does state that the trustee of record must "compl[y] with all applicable statutory requirements . . . [including] California Civil Code 2924b," Bosco is not listed as the trustee of record on this deed of sale. *Id.* at 64. Accordingly, the Court agrees with Bosco that its subordinated lien is "separate and distinct" from the senior loan, and that this is fatal to Choudhuri's HBOR Section 2923.3 and 2924b claims. Because amendment would be futile, the Court now dismisses this claim with prejudice. *See Novak*, 795 F.3d at 1020.

## CONCLUSION

In sum, Choudhuri's motion to strike Specialized's motions is denied. Specialized's motion for judgment on the pleadings is granted as to all claims except the RESPA Section 2923.6 claim. Specialized's motion for summary judgment on the remaining two claims—namely, for violations of RESPA Section 2923.6 and HBOR Sections 2923.3 and 2924b—are granted. Accordingly, all claims against Specialized are hereby dismissed with prejudice.

Bosco's motion to dismiss is granted. Leave to amend is granted solely as to Choudhuri's claims for fraud and violation of RICO. Her remaining claims against Bosco are dismissed with

---

[3] Although Bosco's argument in favor of dismissal is that these claims are now "moot," the Court declines to opine on such a position. ECF No. 100 at 10.

18

prejudice.

Choudhuri may file an amended complaint within 21 days solely to cure deficiencies identified by this order. If no amended complaint is filed, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 13, 2024

_____
JON S. TIGAR
United States District Judge