UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KABITA CHOUDHURI,<br><br>Plaintiff,<br><br>v.<br><br>BOSCO CREDIT LLC,<br><br>Defendant. | Case No. 22-cv-06993-JST<br><br>**ORDER GRANTING MOTION TO DISMISS; ORDER DENYING MOTION FOR ENTRY OF DEFAULT**<br><br>Re: ECF Nos. 122, 124 |

Before the Court is Defendant Bosco Credit LLC's ("Bosco") motion to dismiss and Plaintiff Kabita Choudhuri's motion for entry of default. ECF Nos. 122, 124. The Court will grant Bosco's motion to dismiss and deny Choudhuri's motion for entry of default.[1]

**I.    BACKGROUND**

On June 3, 2024, Choudhuri filed her third amended complaint ("TAC") in this action against Bosco, whom she claims engaged in a conspiracy to defraud her by illegally foreclosing on her home. ECF No. 121. Because the facts are well-known to the parties, the Court will not elaborate them here.

In its prior order, ECF No. 120, the Court dismissed all claims against Defendant Specialized Loan Servicing, LLC with prejudice. *Id.* at 18. Bosco is the only remaining Defendant in this case. Following the last round of briefing, leave to amend was granted solely as to Choudhuri's claims against Bosco for fraud and violation of the Racketeering Influenced and Corrupt Organizations ("RICO") Act. *Id.* at 18–19. On June 17, 2024, Bosco filed a motion to dismiss these two remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF

---

[1] The Court finds the motion suitable for disposition without oral argument and hereby vacates the August 15, 2024 motion hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

1  No. 122.  Additionally, on July 4, 2024, Choudhuri filed a motion for entry of default by the Court
2  against Franklin Credit LLC.

## II. JURISDICTION

The Court has jurisdiction over Choudhuri's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  When ruling on a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  Pro se complaints must be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### B. Leave to Amend

Leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).  "Nevertheless, the 'general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (alteration in original) (quoting *Stechman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

## IV. DISCUSSION

### A. Motion to Dismiss

#### 1. Request for Judicial Notice

Bosco requests that the Court judicially notice 15 documents: (1) the deed of trust recorded on March 10, 2005, in Marin County Recorder's Office with instrument number 2005-0016754; (2) the deed of trust recorded on December 28, 2005, in Marin County Recorder's Office with instrument number 2005-0097133; (3) the subordination agreement recorded on December 28, 2005, in Marin County Recorder's Office with instrument number 2005-0097134; (4) the assignment of deed of trust recorded on June 30, 2008, in Marin County Recorder's Office with instrument number 2008-0030668; (5) the notice of trustee's sale recorded on May 17, 2022, in Marin County Recorder's Office with instrument number 2022-0020152; (6) the trustee's deed upon sale recorded on December 20, 2022, in Marin County Recorder's Office with instrument number 2022-0040599; (7) the ruling on a motion for vexatious litigant pre-filing order and bond, dated May 17, 2013, in the Marin County Superior Court, Case No. CV1204681, entitled *Kabita Choudhuri v. Matthew Sgnilek, et al.*; (8) this Court's prior order granting Plaintiff in forma pauperis status and dismissing the complaint, filed on December 15, 2022; (9) this Court's prior order issued September 26, 2023, *see* ECF No. 66; (10) this Court's prior order issued May 13, 2024, *see* ECF No. 120; (11) the complaint filed on July 22, 2019 in the U.S. District Court for the Northern District of California, *Kabita Choudhuri v. Specialized Loan Servicing, et al.*, Case No. 3:19-CV-04198-JD; (12) the motion to dismiss in *Kabita Choudhuri v. Specialized Loan Servicing, et al.*, Case No. 3:19-CV-04198-JD, filed on July 11, 2020; (13) the third amended complaint in *Kabita Choudhuri v. Specialized Loan Servicing, et al.*, Case No. 3:19-CV-04198-JD, filed on September 7, 2020; (14) the order regarding the motion to dismiss in *Kabita Choudhuri v. Specialized Loan Servicing, et al.*, Case No. 3:19-CV-04198-JD, filed on June 18, 2021; and (15) the order regarding summary judgment in *Kabita Choudhuri v. Specialized Loan Servicing, et al.*, Case No. 3:19-CV-04198-JD, filed on April 20, 2022. Choudhuri opposes the request for judicial notice, arguing that each document is not verified or authenticated. ECF No. 123 at 1.

1  Courts may judicially notice facts that are "not subject to reasonable dispute," meaning
2  they are "generally known" or "can be accurately and readily determined from sources whose
3  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
4  The deeds of trust, subordination agreement, assignment of deed of trust, notice of
5  trustee's sale, and the trustee's deed upon sale are public records properly subject to judicial
6  notice. *Amedee v. Citimortgage, Inc.*, No. 15-cv-03356-HSG, 2016 WL 1070657, at *1 (N.D. Cal.
7  Mar. 18, 2016) ("Publicly-recorded real estate instruments, including deeds of trust, assignments,
8  and substitutions of trustee, as well as default and foreclosure notices, are the proper subject of
9  judicial notice, unless subject to reasonable dispute."). Choudhuri claims that these documents
10 have "been altered by the defendant or its attorney to reflect a non-existent address," and that they
11 are not "verified, notarized or authenticated in any way." ECF No. 123 at 1. That these
12 documents were recorded in Marin County, on the dates shown on each document, is not subject
13 to reasonable dispute. Therefore, the Court will take judicial notice of the aforementioned
14 documents, but not any disputed facts within them.
15 In addition, the prior court orders and filings are also proper subjects of judicial notice.
16 Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta*
17 *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2010). "[W]hen a court takes
18 judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein,
19 but for the existence of the opinion, which is not subject to reasonable dispute over its
20 authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Therefore, the
21 Court will take judicial notice of the court orders for the facts that such actions and documents
22 were filed and that certain issues were raised and addressed in these actions. It will not, however,
23 take judicial notice of the truth of any facts recited in any of these court opinions.

24 **2.  Fraud**

25 "Under California law, 'the indispensable elements of a fraud claim include a false
26 representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"
27 *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting *Moore v. Brewster*,
28 96 F.3d 1240, 1245 (9th Cir. 1996), *superseded by statute on other grounds*). A party alleging

1   fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).
2   Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and
3   how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d
4   616, 627 (9th Cir. 1997)).
5       As with her first two complaints, Choudhuri's fraud claim is difficult to comprehend. She
6   appears to predicate her fraud claim on Bosco's alleged violation of the Homeowner's Bill of
7   Rights ("HBOR"). However, the Court previously dismissed Choudhuri's HBOR claims with
8   prejudice. *See* ECF No. 120 at 15–16, 17–18. Accordingly, there is no foundation for her fraud
9   claim.
10      To the extent that any allegations remain, Choudhuri's fraud claim also fails for lack of
11  specificity. She makes many conclusory allegations, such as her claim that "Bosco has clearly
12  relegated all of its fraudulent activities to another member of this enterprise, Franklin, and thereby
13  escapes being categorized as a servicer under RESPA and HBOR." ECF No. 121 at 7. Amidst
14  these allegations, Choudhuri notably fails to meet the basic requirements of a fraud claim, namely
15  "stat[ing] with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Court
16  accordingly dismisses Choudhuri's claim fraud claim.
17              **3.      RICO**
18      To state a civil RICO claim under Section 1962(c), "a plaintiff must allege: (1) conduct (2)
19  of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486
20  F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S.
21  479, 496 (1985)).
22      In previously dismissing Choudhuri's RICO claim with leave to amend, the Court noted
23  that she failed to comply with Rule 9(b). ECF Nos. 66 at 14, 120 at 7. The Court's previous
24  order, ECF No. 120, specifically reasoned that "[a]lthough she include[d] a chart that purport[ed]
25  to state 'the who, what, when, where, and how' of her RICO claim, she still [did] not allege
26  sufficient detail." *Id*. at 7. Out of "an abundance of caution," however, the Court granted
27  Choudhuri leave to amend her RICO claim against Bosco. *Id.* at 15.
28      Like her first two complaints, Choudhuri's TAC similarly fails to adequately allege the

elements of a RICO claim, including an enterprise or pattern of racketeering activity. For example, an associated-in-fact enterprise exists where multiple individuals or entities are "associated together for a common purpose of engaging in a course of conduct," which requires "both evidence of an ongoing organization, formal or informal and evidence that the various associates function as a continuing unit." *Odom*, 486 F.3d at 552 (internal quotations omitted). Choudhuri avers that "excerpts . . . from Bosco's annual report should be evidence enough to demonstrate that an enterprise involving Bosco, Franklin and Mr. Axon does in fact exist." ECF No. 121 at 16. However, the alleged excerpts (which Choudhuri claims are SEC filings), *id.* at 12, reveal no such conduct.[2] While Choudhuri claims that "[a] deep dive into the Franklin/Bosco connection reveals . . . several incestuous connections – all masterminded by majority shareholder in each entity, one Mr. Thomas Axon," her allegations remain wholly unsupported and are simply conjecture. *Id.* at 12–13. The Court therefore dismisses Choudhuri's RICO claim.

### B. Motion for Entry of Default

Choudhuri's motion for entry of default asks the Court to enter a default judgment against Franklin LLC for failure to answer to Choudhuri's complaint. ECF No. 124 at 1. The Court cannot grant this request, because Franklin LLC is not a defendant. Choudhuri improperly sought to add Franklin LLC as a Defendant in March 2024, and the Court denied her request. ECF No. 109. The Court therefore denies this motion.

## CONCLUSION

Bosco's motion to dismiss is granted in all respects. "Because Plaintiff has had a previous opportunity to amend, has not remedied this deficiency, and gives no indication that amendment would resolve the problems, the Court finds amendment would be futile and dismisses [Plaintiff's] claim[s] with prejudice." *Rhodes v. Scottsdale Cmty. Coll.*, No. CV-18-02063-PHX-RCC, 2019 WL 7194694, at *4 (D. Ariz. Dec. 26, 2019); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to

---

[2] Because the Court agrees with Bosco that Choudhuri's RICO claim lacks the specificity required, it need not reach Bosco's remaining arguments regarding hearsay and res judicata. ECF No. 122 at 9.

amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (internal quotation, citation, and alterations omitted).

No claims against any defendant remain. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 26, 2024

_____
JON S. TIGAR
United States District Judge